UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Campbell, Jr., # 274477, | ) C/A No. 2:12-395-TLW-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Kershaw Correctional Inst.; | ) |
| Alan Wilson, Attorney General, | ) |
| Defendant. | ) |

Plaintiff, Jimmy Campbell, ("Plaintiff"), a state prisoner in the custody of the Kershaw Correctional Institution of the South Carolina Department of Corrections in Kershaw, South Carolina, files this action, which is liberally construed as an attempt to state a claim for violation of Plaintiff's federal constitutional rights, pursuant to 42 U.S.C. § 1983,[1] Plaintiff is proceeding *pro se* and *in forma pauperis*, pursuant to 28 U.S.C. §§ 1915 and 1915A. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process.

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact," *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449

U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

On February 10, 2012, Plaintiff filed a document entitled "U.S. District Court Civil Action Complaint State Prisoner," captioned "Jimmy Campbell, Jr. 274477 Pre-Se Petitioner-Plaintiff v Kershaw Correctional Inst Alan Wilson Attorney General Respondents," which reads, as follows:

> Statement of Claim On 11-9-11 Terry L Wooten sent me ORDER Report and Recommendation Petitioner filed a Summary Judgment & Habeas Corpus 2254 also filed Brief 1 of 42 Terry Wooten Judge dismissed case with Prejudice on the merits Petitioner claim Brief is missing Michelle Mail Room employee would in changes Case No. 2:11-2974-TLW

ECF No. 1, p. 1.

Petitioner appears to allege that a 42-page brief which he prepared and mailed to the Court, along with a motion for summary judgment and another § 2254 habeas petition, for filing in *Campbell v. Fitzsimmons, et al.*, C/A No. 2:11-cv-02974-TLW-BHH (D.S.C.) "is missing." However, a review of this Court's records in C/A No. 11-2974 reveals that Plaintiff's 42-page brief, *i.e.* "Brief 1 of 42," was, in fact, filed with the Court, on November 18, 2011. Plaintiff's brief is designated as document ECF No. 13-4 in C/A No. 11-2974.[2] Plaintiff's November 11, 2011 filing, which is comprised of 129 pages of documents and designated as a motion for summary judgment with attachments, is docketed in six parts, as ECF No. 13, with five attachments, as follows: (1) ECF No. 13: Plaintiff's handwritten "Memorandum of Law in Support Motion for Summary Judgment and Habeas Corpus Order Under 42 U.S.C. § 1983 Relief Act"; (2) ECF No. 13-1: Plaintiff's additional § 2254 habeas petition; (3) ECF No. 13-2, copies of appeal documents and an appellate brief in

---

[2] The undersigned takes judicial notice of Plaintiff's prior proceedings in this court. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In an Order filed on February 2, 2012 by United States District Judge Terry L. Wooten in *Campbell v. Fitzsimmons, et al.*, C/A No. 2:11-cv-02974-TLW-BHH (D.S.C.), Plaintiff's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, was dismissed. Judge Wooten's Order accepted a Report & Recommendation filed by the undersigned on November 9, 2011 and overruled Plaintiff's objections to that Report and Recommendation. *See* C/A No. 11-2974, ECF No. 16. After the entry of Judge Wooten's Order and Judgment in C/A No. 11-2974, Petitioner filed several pleadings, including a notice of appeal, on February 15, 2012, which Plaintiff styled as a "motion notice of appeal to address all issues." *See* C./A No. 11-2974, ECF No. 21. Plaintiff's notice of appeal was accompanied by an almost identical copy of Plaintiff's "Brief 1 of 42," comprised of the first 39 pages of the same handwritten document that was docketed as ECF NO. 13-4. On March 14, 2012, Plaintiff filed another copy of the same brief, which was docketed as ECF No. 27 "memorandum of law supporting motion for summary judgment." On March 14, 2012, Judge Wooten issued an Order denying Plaintiff's post-judgment motions. *See* C/A NO. 11-2974, ECF No. 28. Plaintiff's appeal in C/A No. 11-2974 is currently pending in the United States Fourth Circuit Court of Appeals.

Plaintiff's state court criminal case; (4) ECF No. 13-3: copies of various state court documents in Plaintiff's criminal trial and appeal; (5) ECF No. 13-4: Plaintiff's brief, which is docketed as "state court documents" because the 42-page handwritten brief is preceded by a copy of Plaintiff's one-page, handwritten, cover sheet to his "amendment to application for post conviction relief" in Plaintiff's state court PCR action;[3] and (6) ECF No. 13-5: the envelope in which Plaintiff's documents were mailed to the Court, showing Plaintiff's return address, and indicting that the documents were received by the Court on November 16, 2011.

The allegation in Plaintiff's Complaint is factually frivolous, and the Complaint fails to state a claim on which relief may be granted by this Court, insofar as it attempts to assert that Plaintiff's First Amendment right of access to the courts has been violated. Although the Court is bound to liberally construe Plaintiff's *pro se* complaint, 28 U.S.C. § 1915 accords courts not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to dismiss those claims whose factual contentions are clearly baseless. This Court's records in C/A No. 11-2974 clearly and indisputably show that Plaintiff's factual contention is baseless. A plaintiff must do more than make conclusory statements and fanciful or delusional allegations to support his claim. *See Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June

---

[3]Furthermore, the last page is entitled "Proof of Mailing." (See Dkt. No. 13-4 at 44 of 44.)

15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), aff'd, 227 F. App'x 303 (4th Cir. May 15, 2007).

In this case, the Court is simply not required to accept as true Plaintiff's unwarranted and baseless allegation, because it contradicts a matter of actual fact which is properly subject to judicial notice, *i.e.* that Plaintiff's brief was filed in C/A No. 11-2974 on November 18, 2011 and is a part of the official court record in the case. *See* Fed. R. Evid. 201; *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).[4]

Plaintiff's Complaint is also subject to summary dismissal because it violates Rule 8(a) of the Federal Rules of Civil Procedure that pleadings shall contain "a short and plain statement" of the "grounds for the court's jurisdiction," the basis of the claim "showing that the pleader is entitled to relief," and "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Plaintiff's Complaint makes no claim for relief and makes no specific allegations of wrongdoing attributable to specific defendants. Consequently, it fails to state a claim on which relief may be granted and it is frivolous. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants);

---

[4]To state a claim based on delay or non-delivery of legal mail, an inmate must "provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts." *See White v. White*, 886 F.2d 721, 723 (4th Cir.1989). The prisoner must demonstrate some actual injury or prejudice caused by the alleged denial of meaningful access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Here, Plaintiff has not stated and cannot state - based on the factually frivolous allegation that he makes - any plausible claim that he has suffered a constitutional injury.

*White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

April 9, 2012                                         s/Bruce Howe Hendricks
Charleston, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).